

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable R. A. Courtney
County Auditor
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-3134
Re: Collection of delinquent taxes of
abolished independent school district
by successor common school district.

We are in receipt of your letter of February 4, 1941, which reads in part as follows:

"For a number of years the Huntington Independent School District, a duly organized and existing independent school district, has been in existence and conducting school facilities in a designated portion of Angelina County. Some time during 1939, this independent district was, by an election duly called and held, transformed from an independent district to a common district and is now operating through the County as a unit of the County schools.

"All during the time of the existence of the independent district, it levied, assessed and collected taxes on the real estate within its boundaries, and there is now a large sum of money due it in the form of delinquent taxes which were levied and assessed during its existence as an independent school district.

"The question which I desire you to answer is: ' Should the said delinquent taxes which were levied and assessed by said district in its independent status be collected through the proper court proceedings in its name, independently of the County,or, should the County attorney collect said taxes through a suit in the name and on behalf of the County and State?'"

The method of transforming this independent district into a common school district does not appear in your letter of request and we therefore  assume that such action was taken pursuant to statutory authority and that all proceedings were regular.  It does not appear whether the Huntington Independent School District had any outstanding bonds or other indebtedness at the time of its dissolution or the nature of the delinquent taxes in question.

Article 2767a, Vernon's Texas Civil Statutes provides that when an independent school district is abolished and has outstanding bonds or other indebtedness the county board of school trustees shall control and dispose of the property of such district and shall have power to levy and collect taxes, bring and defend litigation, and do other things necessary for the purpose of paying such bonds or other indebtedness.

Article 2767c, Vernon's Texas Civil Statutes reads in part as follows:

". . . .

"When all of the territory embraced within the boundaries of any abolished independent school district, having previously had legal existence, and having outstanding bonds or other indebtedness, enforcible either at law, or in equity, shall thereafter be contained or included within the limits of any other school district, all taxes against the property of such abolished independent school district at the time at which it is included or contained within such other school district, shall remain in full force and effect and shall be levied and collected by such other school district and the proper officers thereof until said entire indebtedness is fully paid.

". . . .

"Such other school district may assume such bonds or other indebtedness at an election held for that purpose, at which a majority of the qualified property tax paying voters of such other district, shall vote in favor thereof; in which event, all of the property within such other district, not exempt under the law, shall be subject to taxation for the payment of such bonds or other indebtedness. And the proper officers of such other district, shall levy upon such property in said district, a tax adequate for the payment of said bonds and other indebtedness, over such a period of time as may be necessary for that purpose. Such election shall be held in the manner provided for holding an election for voting bonds, or for voting a special tax, as the case may be, within such other school district."

Your letter does not disclose whether the common school district has assumed the indebtedness, if any, of its predecessor, the independent school district.

Article 2767e, Vernon's Texas Civil Statutes, reads as follows:

"When all or part of the territory embraced within an abolished independent school district, having at the time of such abolishment, no outstanding indebtedness, shall be included or contained within the limits of such other school district, all uncollected taxes on the property so included or contained for the years up to and including the last day of January of the year immediately following that in which such territory is included or contained, within such other school district, shall be levied and collected by such other school district at the rate in force at the time of such abolishment and in the same manner as such abolished independent school district might or could have done had no abolishment been had."

All of the foregoing statutes were enacted as a part of Section 1, Chapter 294, Acts 1927, Fortieth Legislature, page 144, and when construed together it is apparent that Article 2767a has reference to the collection of taxes and disposing of the property of abolished independent school districts, where the territory is not included within the boundaries of another district; and Articles 2767c and 2767e control where the territory embraced within the abolished independent district shall be included or contained within the limits of another school district after the abolition, as is the case presented in your letter of request.

Under the provisions of the foregoing statutes the independent district which has been abolished would no longer function and the liquidation of its indebtedness and a collection of the taxes theretofore levied and assessed by it would be subject to collection by the county board of school trustees or its successor embracing the same territory.

It is our opinion that the taxes in question should be collected as other common school district taxes by the successor common school distict, and should therefore be collected in a suit by the county attorney for the benefit of the common school district, along with other taxes due the State and county.

Yours very truly,

APPROVED FEB. 19, 1941
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Cammack

APPROVED OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN

By
    Cecil C. Cammack
      Assistant

CCC:db/ ldw